**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
-----------------------------------------------------------------x
**ANGELA BENLOSS and ROMEO CALBERT,**

        **Plaintiffs,**

    **-against-**

**AMERICAN AIRLINES, INC.,**

        **Defendant.**
-----------------------------------------------------------------x

        **COMPLAINT &**
        **JURY DEMAND**

Plaintiffs, ANGELA BENLOSS and ROMEO CALBERT, by their attorneys, KREINDLER & KREINDLER LLP, as and for their Complaint against Defendant, AMERICAN AIRLINES, INC. allege the following upon information and belief:

## PARTIES

1. Plaintiffs, ANGELA BENLOSS and ROMEO CALBERT, are a married couple.

2. Plaintiff, ANGELA BENLOSS, is a resident of Lynn, Massachusetts.

3. Plaintiff, ROMEO CALBERT, is a resident of Toronto, Canada. At the time of the incident giving rise to this action, Plaintiff was a resident of Lynn, Massachusetts.

4. Defendant, AMERICAN AIRLINES, INC. ("AMERICAN"), is a Delaware corporation with its principal place of business located in Fort Worth, Texas.

5. Defendant, AMERICAN, is registered with the Secretary of the Commonwealth of Massachusetts as a foreign corporation authorized to do business in the State of Massachusetts, with a registered agent for service at 84 State Street, Boston, MA, 02109

6. Defendant, AMERICAN, Is a common carrier engaged in the business of transporting passengers for hire by air.

**JURISDICTION AND VENUE**

7.    Plaintiffs, ANGELA BENLOSS and ROMEO CALBERT, invoke the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1331 because this case presents a federal question pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 ("the Montreal Convention").

8.    This Court enjoys subject matter jurisdiction under Article 33 of the Montreal Convention because Defendant, AMERICAN, sold Plaintiffs the tickets for the subject flight in the Commonwealth of Massachusetts, the destination of Plaintiffs' round-trip ticketing was Boston Logan International Airport (BOS), located in Massachusetts, and at all relevant times, Plaintiffs resided in Massachusetts, where Defendant operates services for the carriage of passengers by air on premises it owns or leases at BOS.

9.    This Court maintains personal jurisdiction over Defendant, AMERICAN, because Defendant conducts substantial business in the Commonwealth of Massachusetts, operates commercial passenger air service to and from Boston Logan International Airport, and Plaintiffs' claims arise from and relate to Defendant's contacts with Massachusetts, including the sale of the tickets for the subject itinerary and Defendant's operation of the flight during which the subject incident occurred.

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 et seq. because Defendant, AMERICAN, is subject to this court's personal jurisdiction with respect to the instant action.

**FACTS OF THE CLAIM**

11.    On June 6, 2024, Plaintiffs, ANGELA BENLOSS and ROMEO CALBERT, were traveling on a round-trip international itinerary from Boston Logan International Airport (BOS) in

Boston, Massachusetts to Norman Manley International Airport (KIN) in Kingston, Jamaica, with a layover at Miami International Airport (MIA) in Miami, Florida.

12.     On June 6, 2024, Plaintiffs, ANGELA BENLOSS and ROMEO CALBERT, were fare-paying passengers aboard American Airlines Flight 850, from Miami International Airport (MIA) in Miami, Florida to Norman Manley International Airport (KIN) in Kingston, Jamaica ("the subject flight").

13.     On June 6, 2024, the subject flight was conducted on a Boeing 737-800 aircraft owned, leased, operated, staffed, or otherwise controlled by the Defendant, AMERICAN ("the subject aircraft").

14.     On June 6, 2024, Defendant, AMERICAN, employed a flight crew responsible for the safe and secure operation of the subject flight, including but not limited to the safety and well-being of its passengers.

15.     On June 6, 2024, Defendant, AMERICAN, was responsible for the training, management, supervision, and/or control of its flight crew aboard the subject flight, including but not limited to the crew's adherence to standard safety regulations, policies and protocols.

16.     On June 6, 2024, amid heavy rainfall, the subject aircraft touched down on Kingston's Runway 30 at approximately 145 knots groundspeed. The aircraft veered left off the side of the runway edge at approximately 130 knots groundspeed, before returning onto the runway at approximately 40 knots groundspeed.

17.     A runway inspection revealed that the subject aircraft had been fully onto the grass south of the runway, with some debris found on the runway. The aircraft sustained damage to its engines, landing lights and other components.

18.    The force and speed of the landing, combined with the violent jerking motions and sudden deceleration of the subject aircraft as it exited and reentered the runway, subjected the flight's passengers to severe whiplash-inducing forces.

19.    As a direct and proximate result of the foregoing, Plaintiffs, ANGELA BENLOSS and ROMEO CALBERT, sustained serious bodily injuries, including but not limited to whiplash trauma to their heads, necks and backs.

## PLAINTIFF, ANGELA BENLOSS'S, CLAIM FOR PERSONAL INJURIES PURSUANT TO THE MONTREAL CONVENTION

20.    Plaintiffs incorporate by reference each of the preceding paragraphs as though fully set forth herein.

21.    The aforesaid injuries sustained by Plaintiff, ANGELA BENLOSS, were caused by an accident as defined by Article 17 of the Montreal Convention because her injuries were caused by an unexpected or unusual event or occurrence external to her, and not by her own internal reaction to the ordinary operation of the aircraft.

22.    As a direct and proximate result of the aforesaid accident, Plaintiff, ANGELA BENLOSS, was injured.

23.    As a direct and proximate result of the aforesaid accident, Plaintiff, ANGELA BENLOSS, was seriously injured.

24.    As a direct and proximate result of the aforesaid accident, Plaintiff, ANGELA BENLOSS, was permanently injured.

25.    As a direct and proximate result of the aforesaid accident, Plaintiff, ANGELA BENLOSS, suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

26.    As a direct and proximate result of the aforesaid accident, Plaintiff, ANGELA

BENLOSS, was forced to spend great sums of money on medical treatment and in the future shall continue to spend sums of money on same.

27.     As a direct and proximate result of the aforesaid accident, Plaintiff, ANGELA BENLOSS, was deprived of her enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

28.     As a direct and proximate result of the foregoing, Defendant, AMERICAN, is liable to pay full, fair and reasonable damages to Plaintiff, ANGELA BENLOSS, pursuant to the Montreal Convention.

29.     Defendant, AMERICAN, cannot meet its burden under Montreal Convention Article 21(2)(a) of proving that its negligence did not cause or contribute to the aforesaid accident and the resulting injuries to Plaintiff, ANGELA BENLOSS.

30.     Defendant, AMERICAN, cannot meet its burden under Article 21(2)(b) of the Montreal Convention of proving that the injuries suffered by Plaintiff, ANGELA BENLOSS, were caused solely by the acts or omissions of a third party.

### PLAINTIFF, ROMEO CALBERT'S, CLAIM FOR PERSONAL INJURIES PURSUANT TO THE MONTREAL CONVENTION

31.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

32.     The aforesaid injuries sustained by Plaintiff, ROMEO CALBERT, on June 6, 2024, were the result of an accident as defined by Article 17 of the Montreal Convention because his injuries were caused by an unexpected or unusual event or occurrence external to him, and not by his own internal reaction to the ordinary operation of the aircraft.

33.     As a direct and proximate result of the aforesaid accident, Plaintiff, ROMEO CALBERT, was injured.

34.    As a direct and proximate result of the aforesaid accident, Plaintiff, ROMEO CALBERT, was seriously injured.

35.    As a direct and proximate result of the aforesaid accident, Plaintiff, ROMEO CALBERT, was permanently injured.

36.    As a direct and proximate result of the aforesaid accident, Plaintiff, ROMEO CALBERT, suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

37.    As a direct and proximate result of the aforesaid accident, Plaintiff, ROMEO CALBERT, was forced to spend great sums of money on medical treatment and in the future shall continue to spend sums of money on same.

38.    As a direct and proximate result of the aforesaid accident, Plaintiff, ROMEO CALBERT, was deprived of his enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

39.    As a direct and proximate result of the foregoing, Defendant, AMERICAN, is liable to pay full, fair and reasonable damages to Plaintiff, ROMEO CALBERT, pursuant to the Montreal Convention.

40.    Defendant, AMERICAN, cannot meet its burden under Montreal Convention Article 21(2)(a) of proving that its negligence did not cause or contribute to the aforesaid accident and the resulting injuries to Plaintiff, ROMEO CALBERT.

41.    Defendant, AMERICAN, cannot meet its burden under Article 21(2)(b) of the Montreal Convention of proving that the injuries suffered by Plaintiff, ROMEO CALBERT, were caused solely by the acts or omissions of a third party.

WHEREFORE, Plaintiffs, ANGELA BENLOSS and ROMEO CALBERT, hereby demand a trial by jury and for a judgment to be entered against Defendant, AMERICAN AIRLINES, INC., in an amount to be determined at trial, together with interest, costs and disbursements of this action.

<u>JURY DEMAND</u>

Plaintiffs demand a trial by jury.

Dated: June 3, 2026

**KREINDLER & KREINDLER LLP**

*/s/ Anthony Tarricone*

_____

Anthony Tarricone (#492480)
855 Boylston Street
Boston, MA 02116
Tel. (617) 424-9100
Email: atarricone@kreindler.com

Erin R. Applebaum
*Pro Hac Vice to be filed*
485 Lexington Avenue
New York, NY 10017
Tel. (212) 687-8181
Email: eapplebaum@kreindler.com